# EXHIBIT H

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUHAMMED KAHN TUMANI, *et al.*, | : | |
| | : | |
| Petitioners/ Plaintiffs, | : | Civil Action No.:   05-0526 (RMU) |
| v. | : | |
| GEORGE W. BUSH *et al.*, | : | |
| Respondents/ Defendants | : | |

### ORDER

DIRECTING THE DEFENDANTS TO SHOW CAUSE AND SUBMIT FACTUAL RETURNS

Before the court is the plaintiffs' petition for a writ of habeas corpus. "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. In addition, "[t]he person to whom the . . . order is directed *shall* make a return certifying the true cause of the detention." *Id.* (emphasis added).

The government takes the position that "[i]t makes no sense for proceedings related to the merits of these cases, such as submission of factual returns in response to orders to show cause regarding the issuance of habeas writs, to go forward when decisions from the D.C. Circuit . . . will determine the legal analyses applicable to the cases[.]" Defs.' Mot. to Stay at 9. Furthermore, the government argues that requiring submission of factual returns burdens the

government's resources and risks the inadvertent disclosure of classified information. *Id.* at 12-13.

The fact that the D.C. Circuit has not yet issued its decision in the related appeals (or that this case is stayed pending the D.C. Circuit's decision on those appeals) does not prevent the government from processing the returns. On the contrary, the court determines that petitioners' counsel should be able to review the returns now so that they can develop their case and prepare for any consultation with their clients. As to the government's concerns regarding classified information, the protective orders entered in this case will guard against any inadvertent disclosures. Finally, the government's generic references to the expenditures of its resources and logistical burden does not persuade the court to delay ordering the returns; the court is confident that the government can handle this task.

Accordingly, it is this 19th day of April, 2005,

**ORDERED** that the defendants shall show cause why the writ should not be granted and submit factual returns within 90 days of this order.

**SO ORDERED.**

RICARDO M. URBINA
United States District Judge

# EXHIBIT I

UNCLASSIFIED

18 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # ▓▓▓

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal # 19 of 4 November 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of and actively participated in the Tribunal process. The detainee provided a sworn oral statement at the Tribunal hearing.

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b).

   d. The detainee did not request that any witnesses or evidence be produced.

e. The Tribunal's decision that detainee # ▓▓▓ is properly classified as an enemy combatant was unanimous.

2. The proceedings and decision of the Tribunal as reflected in enclosure (2) are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

BREE A. ERMENTROUT
CDR, JAGC, USNR

UNCLASSIFIED

# EXHIBIT J

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
ASSOCIATED PRESS,                     :
                                      :
              Plaintiff,              :    05 Civ. 3941 (JSR)
                                      :
         -v-                          :    OPINION AND ORDER
                                      :
UNITED STATES DEPARTMENT OF DEFENSE,  :
                                      :
              Defendant.              :
------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Beginning in or around June 2004, ad hoc military tribunals created by defendant Department of Defense conducted hearings to determine whether each of the detainees held by the United States at Guantanamo Bay, Cuba was properly classified an "enemy combatant." In November 2004, plaintiff Associated Press sought the transcripts of these proceedings (and certain other documents directly related thereto) pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. When no timely response was received from defendant (or so plaintiff alleges), the Associated Press commenced this lawsuit in April 2005 seeking to compel disclosure.

In response, the Department of Defense produced redacted copies of the transcripts and related documents, removing the names of the detainees and certain other "identifying information," such as internment serial numbers, names and home locales of the detainees and their families, information tending to reveal the nationalities or countries of origin of the detainees, and names of other persons identified or otherwise referenced by the detainees. See Declaration of Karen L. Hecker, dated June 30, 2005 ("Hecker Decl.") at ¶ 6. No

claim was made, then or thereafter, that these redactions were prompted by considerations of national security or the like. Rather, the sole basis given for the redactions was so-called "Exemption 6," which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

Contending that Exemption 6 justified each and all of the redactions, the Department of Defense then moved for summary judgment in its favor.[1] To aid the Court in resolving the motion, the Court, by Memorandum Order dated August 29, 2005, directed the Department of Defense to ask each detainee whether he wished his identifying information to be released to the Associated Press or not. See also Memorandum Order dated September 26, 2005 (denying reconsideration). Specifically, each detainee was provided with a form (suitably translated into the detainee's native tongue) which stated as follows:

> You have previously appeared before a United States military tribunal and made statements that were written down in the form of a transcript. The Associated Press, an international news organization, has asked the United States to release copies of those transcripts, so that it can report on the proceedings. The United States has released large portions of those transcripts, but has held back information about your name and identity, believing that the release of such information may be dangerous to you and your family.

---

[1] The Department of Defense failed to file the required Statement of Material Facts in connection with the motion. See Local Civil Rule 56.1. Although such a failure may sometimes warrant denial of a motion for summary judgment, see id., the Court does not consider this case an appropriate case for invocation of this sanction.

2

> Before deciding whether this was proper, the Court that is hearing this dispute would like to know your preference.
> Therefore, please check one of the two boxes below, indicating whether or not you want to release identifying information about yourself.
> ___ Yes, I want the identifying information about myself released to the Associated Press.
> ___ No, I do not want the identifying information about myself released to the Associated Press.

Of the 317 detainees who received the form, 63 checked "Yes," 17 checked "No," 35 returned the form without checking either response, and 202 declined to return the form. See Declaration of Dale T. Vitale, dated Oct. 28, 2005, at ¶ 4; Supplemental Declaration of Dale T. Vitale, dated Dec. 19, 2005, at ¶ 2.

Against this background, the defendant's motion for summary judgment is now ripe for determination. The relevant legal standards are well established. With regard to FOIA in general, "FOIA strongly favors a policy of disclosure ... and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act, ... [which] are narrowly construed." Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 355-56 (2d Cir. 2005) (citations omitted). "The Department bears the burden of demonstrating that any claimed exemption applies." Id. at 356. Furthermore, "the Government's burden in establishing the requisite invasion of privacy to support an Exemption 6 claim is heavier than the standard applicable to [certain other exemptions]," United States Dep't of State v. Ray, 502 U.S. 164, 172 (1991), because the Government must show that disclosure "would constitute" (as opposed to "could reasonably be expected to constitute") a "clearly unwarranted" (as opposed to

simply "unwarranted") invasion of personal privacy. United States Dep't of Justice v. Reporters Comm. for Freedom of Press, 489 U.S. 749, 756 (1989). Finally, of course, a party is entitled to summary judgment only if it can show by undisputed facts supported by admissible evidence that it is entitled to judgment as a matter of law. Rule 56, Fed. R. Civ. P.; see also, e.g., Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003).

Applying these standards to the record on the instant motion, the Court concludes that the Department of Defense has failed to carry its burden. The only privacy interest it purports to assert under Exemption 6 is that of the detainees; but of the 317 detainees in issue, only 17 have asserted a desire to have their identifying information kept confidential. Moreover, so far as the record here discloses, none of the detainees – not even these 17 – had a reasonable expectation of privacy with respect to the identifying information they provided. Most of the information was provided by them in formal legal proceedings before a tribunal, and nothing in the record before the Court suggests that they were informed that the proceedings would remain confidential in any respect. Thus, this case is starkly different from Ray, supra, in which the Supreme Court, in approving the redactions of certain identifying information under Exemption 6, substantially grounded its decision on the fact that the repatriated Haitian "boat people" who provided the information had expressly been promised confidentiality by the U.S. Government and had plainly relied on that promise. See Ray, 502 U.S.

4

at 170, 172, 177.  Here, by contrast, the record on this motion evidences no such promise, express or implied.

The Department of Defense argues, nonetheless, that Ray supports its position because of language in that decision suggesting that the unidentified Haitians there who had agreed to talk to the U.S. Government after being returned to Haiti had a reasonable fear that they and their families would face embarrassment and retaliation if their identities were made known and their privacy left unprotected.  See id. at 176-77.  But this "derivative" harm - if cognizable at all under Exemption 6, see id. at 179-83 (Scalia, J., concurring on the ground that the majority opinion's references to such harm are pure dicta) - was premised on fears so well founded that the U.S. Government not only had demanded that Haiti not so retaliate but also had monitored the situation by interviewing the returned Haitians under strict promises of confidentiality.  Here, by contrast, the Department of Defense has failed to come forward on this motion with anything but thin and conclusory speculation to support its claims of possible retaliation.[2]  Even under the relaxed evidentiary standards that might arguably apply in these unusual circumstances, such a meager and unparticularized showing is inadequate to meet the standards either of Rule 56 or of FOIA.  See

---

[2] A typical example: "If the detainee's identity is connected to his testimony, and terrorist groups or other individuals abroad are displeased by something the detainee said to the Tribunal, DOD believes that this could put his family at serious risk of reprisals - including death or serious harm - at home.  This risk also translates to the detainee himself when he is released from detention." Hecker Decl. at ¶ 9; see also id. at ¶¶ 10-12.

5

Halpern v. FBI, 181 F.3d 279, 293 (2d Cir. 1999) (to justify application of an exemption under FOIA, government must provide sufficient specificity to permit meaningful judicial review). Even less does it satisfy the heavier burden under Exemption 6 to show that disclosure would in fact constitute a clearly unwarranted invasion of personal privacy.[3]

In short, the Department of Defense has failed on this motion to establish, by undisputed admissible evidence, any cognizable privacy interest on the part of the detainees that would warrant the across-the-board application of Exemption 6 the defendant here seeks.[4] Accordingly, the defendant's summary judgment motion is denied. Counsel for the parties are directed to jointly call Chambers this Thursday, January 5, 2006, at 12:30 P.M. to schedule further proceedings consistent with this Opinion and Order.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
January 4, 2006

---

[3] It is conceivable that in the particular circumstances of a particular detainee, the defendant could meet this burden with respect to some particular items of the redacted information; but the Department of Defense seeks across-the-board redaction of any and all information even remotely tending to identify any of the detainees. Compare NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162-65 (1975), with Reporters Comm. for Freedom of Press, 489 U.S. at 776-77.

[4] For this reason, the Court finds it unnecessary to reach the numerous other issues raised by the respective parties, such as, e.g., whether the transcripts here in issue qualify as "similar files" under Exemption 6.

# EXHIBIT K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HASSAN BIN ATTASH, et. al., )
)
Petitioners, )
)
v. )   Civil Action No. 05-1592 (RCL)
)
GEORGE W. BUSH, )
President of the United States, et. al., )
)
Respondents. )
)

## ORDER

Having considered the Respondent's Motion to Stay Proceedings Pending Related Appeals and for Continued Coordination, as well as the entire record in this case, and it appearing that good cause exists for granting the motion, it is hereby

ORDERED that the above-captioned case is stayed pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar 2, 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et. al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005). It is further

ORDERED that respondent's obligation to show cause is STAYED.

This stay shall not, however, prevent the parties from availing themselves of the procedures set forth below, nor shall it bar the filing or disposition of any emergency relief. It is further

ORDERED that the Court having considered petitioners' Motion for Preliminary

Injunction Requiring Advance Notice of Transfer or Release, and the opposition hereto, it is hereby ORDERED that petitioners' Motion for Preliminary Motion is DENIED for the reasons well stated by Judge Bates in Al-Anazi v. Bush, 370 F. Supp. 2d 188 (D.D.C. April 21, 2005). It is further

ORDERED that the Court grants the Petitioners' Motion for Protective Order, and enters by way of reference, the protective order and supplementary orders previously entered in In re Guantanamo Detainee Cases, No. 02-CV-0299, et. al., by Judge Hens Green. These include the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information," entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004.

SO ORDERED.


Signed by Royce C. Lamberth, United States District Judge, September 1, 2005.

# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMED BIN JAIED ALADI )
AL MOHAMMED AL SUBAIE, *et al.*, )
  *Petitioners*, )
)  Civil Action No. 2216-05 (RCL)
  *v.* )
)
GEORGE W. BUSH, *et al.*, )
  *Respondents.* )

## ORDER

Having considered Respondents' Motion to Stay Proceedings Pending Related Appeals, Petitioners' opposition thereto and Cross-Motion for Factual Returns, as well as the entire record in this case, and it appearing that good cause exists for granting the following relief, it is hereby

ORDERED that, subject to the exceptions noted below, the above-captioned case is stayed pending resolution by the United States Court of Appeals for the District of Columbia Circuit of the appeals pending in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et. al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-0564 (D.C. Cir. Mar. 10, 2005). It is further

ORDERED the stay shall not bar the filing or disposition of any application for emergency or ancillary relief, including but not limited to Petitioners' motion for notice of transfer and motion to preserve evidence. It is further

ORDERED that Respondents shall, within 45 days of the entry of this Order, provide counsel for Petitioners with factual returns relating to each of the detained Petitioners in this matter. It is further

ORDERED that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, issued on November 8, 2004, in In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004), the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, issued on December 13, 2004, in In re Guantanamo Detainee Cases, and the Order Addressing Designation Procedures for "Protected Information" issued on November 10, 2005, in In re Guantanamo Detainee Cases, shall apply in the above-captioned case.

SO ORDERED.

DATED:_____        _____
                                     Royce C. Lamberth, U.S.D.J.

CH2\ 1351230.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served by Certified Mail, Return Receipt Requested, to the following persons:

**Robert J. Katerberg**
ATTORNEY
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C. 20530

On this the 6th day of January, 2006.

_____
Louis P. Bonilla

NY\ 5049820.2

CH2\ 1336414.1