IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| )<br>MOHAMMED BIN JAIED ALADI AL )<br> MOHAMMED AL SUBAIE, et al., )<br> )<br> Petitioners, )<br> )<br> v. )<br> )<br>GEORGE W. BUSH, )<br> President of the United States, )<br> *et al.,* )<br> )<br> Respondents. )<br> ) | Civil Action No. 05-CV-2216 (RCL) |

**RESPONDENTS' OPPOSITION TO
PETITIONERS' MOTION FOR PRESERVATION ORDER**

Respondents hereby respond to petitioners' motion for preservation order, filed with court on January 6, 2006. Petitioners have failed to demonstrate the applicable prerequisites for a preservation order, and their motions should be denied.

**ARGUMENT**

As an initial matter, on December 30, 2005, the President signed into law the Department of Defense Appropriations Act, 2006, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 (2005), also known as the Detainee Treatment Act of 2005, which, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and create an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). Respondents anticipate filing in the Guantanamo detainee cases, including

the instant case, a motion to dismiss or for other appropriate relief based on the new law.[1]

Accordingly, the new law supports denial of petitioners' motion or, at the very least, denial of the

motion without prejudice or deferral of the motion pending resolution of respondents' motion

regarding the new, statutory withdrawal of the Court's jurisdiction.[2]  In any event, a preservation

order is not appropriate for  reasons discussed below.

Petitioners argue that a preservation order is needed under the two-prong test espoused by

Pueblo of Laguna v. United States, 60 Fed. Cl. 133, 137-38 (Fed. Cl. 2004).  While Pueblo of

Laguna does not supply the appropriate standard for entry of a preservation order, even under that

test a preservation order is not warranted in this case.

The weight of authority is that the four requirements for issuance of an injunction – (1)

irreparable injury, (2) substantial likelihood of success on the merits with respect to the requested

relief, (3) lack of injury to other interested parties, and (4) furtherance of the public interest –

must be satisfied before a preservation order may issue.  See Battayav v. Bush, No. 05-CV-714

(RBW) (dkt no. 12) (denying request for preservation order in Guantanamo Bay Case, holding

"'a motion to preserve evidence is an injunctive remedy and should only issue upon an adequate

showing that equitable relief is warranted'")(quoting Madden v. Wyeth, No. 3-03-CV-0167-R,

---

[1] The effect of the Detainee Treatment Act of 2005 will also be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit.

[2] Indeed, because the Detainee Treatment Act of 2005 vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might affect the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

2003 WL 21443404, at *1 (N.D. Tex. Apr. 16, 2003)); <u>Pepsi-Cola Bottling Co. of Olean v.</u>

<u>Cargill, Inc.</u>, Civ. No. 3-94-784, 1995 WL 783610, at *3-*4 (D. Minn. Oct. 20, 1995); <u>Humble</u>

<u>Oil & Refining Co. v. Harang</u>, 262 F. Supp. 39, 42-43 (E.D. La. 1966).  Other courts have used a

modified, multi-factor analysis for the issuance of preservation orders.  See <u>Capricorn Power Co.</u>

<u>v. Siemens Westinghouse Power</u>, 220 F.R.D. 429, 433-434 (W.D. Pa. 2004) (focusing on "1) the

level of concern the court has for the continuing existence and maintenance of the integrity of the

evidence in question in the absence of an order directing preservation of the evidence; 2) any

irreparable harm likely to result to the party seeking the preservation of evidence absent an order

directing preservation; and 3) the capability of an individual, entity, or party to maintain the

evidence sought to be preserved").  <u>Pueblo of Laguna</u> espouses a two-factor test – an order must

be necessary and not unduly burdensome or overbroad – but that test has been criticized as

lacking "adequate precision" and "sufficient depth of analysis."  See <u>Capricorn Power</u>, 220

F.R.D. at 434 n.2.

    Even under the test espoused by <u>Pueblo of Laguna</u> for determining when a preservation

order is proper, however, a preservation order is not appropriate.  Due to the "very potency" of

the inherent power of a court to issue preservation orders and the fact that the Supreme Court has

"cautioned 'inherent powers must be exercised with restraint and discretion,'" the <u>Pueblo of</u>

<u>Laguna</u> court held that a party seeking a preservation order must demonstrate that the

preservation order is both necessary and not unduly burdensome.  <u>Pueblo of Laguna</u> 60 Fed. Cl.

at 138 (citing <u>Chambers v. NASCO</u>, 501 U.S. 32, 44 (1991)). Petitioners have made neither

showing.

    First, petitioners have made no showing that a preservation order is actually necessary,

that is, that absent an order a significant risk exists that evidence will be destroyed.  See Pueblo of Laguna 60 Fed. Cl. at 138.  As argued previously in Guantanamo detainee cases in this Court, there is no evidence of document destruction and respondents have numerous independent reasons for ensuring the preservation of the documents in question.  See El-Banna v. Bush, No. 04-CV-1144 (RWR) Resp. Memo. in Opp. to Pets.' Mot. for Leave to Take Discovery and for Preserv. Order, filed January 12, 2005, at pp. 23-24 (dkt no. 111); Al-Marri v. Bush, No. 04-CV-2035 (GK) Resp. Memo. in Opp. to Pets.' Mot. for Leave to Take Discovery and for Preserv. Order (dkt no. 14); Battayav v. Bush, No. 05-CV-714 (RBW) Resp. Reply Memo. in Support of Mot. to Stay Proceedings Pending Related Appeals and for Continued Coordination (dkt no. 11). In fact, Judge Bates recognized as much when he stated in another Guantanamo Bay detainee case that "[t]he Court is not predisposed to assume that the government would alter or destroy records in its possession absent a court order, and is therefore inclined to require that, at the very least, a party seeking a preservation order against the government make a credible showing of a significant risk of alteration or destruction."  Al-Anazi v. Bush, 05-CV-0345 (JDB) (dkt. no. 35)

The types of documents sought to be protected could relate to pending or developing investigations that the government has initiated into possible misconduct in regard to mistreatment of detainees.  Such investigations have served, and will continue to serve, as the basis for prosecutions or other corrective action wherever appropriate.[3]  Respondents would not compromise those investigations or prosecutions by destroying or sanctioning the destruction of documents pertinent to such investigations.  Furthermore, the ongoing detention and intelligence-

---

[3] Examples of such investigations and corrective actions or punishments taken are available at http://www.defenselink.mil/news/detainee_investigations.html; Military to Investigate FBI Prison Abuse Charges, N.Y. Times (Jan. 5, 2005).

gathering mission of the military at Guantanamo Bay should dispel any notion that respondents
would destroy documents related to that mission.

In addition, despite petitioners' attempt to minimize this fact, respondents <u>are</u> well aware
of their obligation not to destroy evidence that may be relevant in pending litigation, and this is
an important fact recognized by case law.  Administrative agencies are entitled to a presumption
"that they will act properly and according to law."  <u>See</u>, <u>e.g.</u>, <u>Federal Communications Comm'n
v. Schreiber</u>, 381 U.S. 279, 296 (1965).  Even in a case involving private parties, "[t]o
supplement every complaint with an order requiring compliance with the Rules of Civil
Procedure would be a superfluous and wasteful task, and would likely create no more incentive
upon the parties than already exists."  <u>Hester v. Bayer Corp</u>, 206 F.R.D. 683, 685 (M.D. Ala.
2001); <u>see also</u> <u>Pepsi-Cola Bottling Co. of Olean v.Cargill, Inc.</u>, No. 3-94-784, 1995 WL 783610,
at *3 (D. Minn. Oct. 20, 1995) ("To further embellish the grave importance of document
preservation, through administratively demanding mechanism, seems inordinate, at best.").[4]

Petitioners cite to the entry of preservation orders in other cases before this Court as
justification for entry of such an order in this case.  <u>See</u> Pets' Mem. at 6.  However, the orders in
several of those cases did not hold that petitioners made a showing that such equitable relief was

---

[4] In addition, a preservation order is further unnecessary because Judge Kessler has
already entered an order to "preserve and maintain all evidence and information regarding the
torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility."  <u>Al-
Marri v. Bush</u>, No. 04-CV-2035 (GK), Order (dkt. no. 25) (Mar. 7, 2005).  <u>See also</u>, <u>Al-Anazi v.
Bush</u>,  05-CV-0345 (JDB) (dkt. no. 35) (denying as moot petitioner's request for a preservation
order because "respondents have a preexisting duty to preserve the very information that this
motion addresses [i.e., information related to alleged mistreatment of Guantanamo detainees],
pursuant to court orders issued in <u>Al-Marri</u>, No. 04-CV-2035 (D.D.C. Mar. 7, 2005) (order),
<u>Anam v. Bush</u>, No. 04-CV- 1194 (D.D.C. June 10, 2005) (order), and <u>Abdah v. Bush</u>, No.
04-CV-1254 (D.D.C. June 10, 2005) (order).")

warranted; they did not make findings that an order was needed or undertake an analysis of whether the requested preservation was overbroad.  See, Abdah v. Bush, No. 04-1254 (HHK) (June 10, 2005); Al-Marri v. Bush, No. 04-2035 (GK) (Mar. 7, 2005).  Those orders were entered simply on the basis that there appeared to be no harm to respondents in requiring the preservation of documents.  Id.  They do not reflect an appropriate analysis of the issue, even under Pueblo of Laguna.

For of their conspiracy theory that respondents have a propensity to destroy evidence, petitioners cite two newspaper articles and a redacted which simply state that ceratin evidence has been lost, not that the evidence was in anyway purposefully destroyed.  See Pets' Mem. Ex. A and B).  Neither article provides sufficient evidence of sanctioned widespread document destruction necessary to justify a preservation order.  The New York Times article contains a single, brief, and very vague reference that documents had been lost, not that they were intentionally destroyed by respondents, and contains no specifics on that point.  See Pets' Mem. Ex. B, at ¶8.  The El Paso Times article, while making a reference to evidence that appears to be lost, relates to allegations of abuse of detainees in Afghanistan, and does not concern the subject matter of this case, which solely involves detentions at Guantanamo.  See Pets' Mem. Ex. A.

Petitioners also cite a document they claim "document[s] efforts by the military to 'cover up' evidence of the physical abuse of detainees."  Pet's Mem. at 6. (citing Petrs' Ex. C). However, the exhibit relates to allegations of abuse of detainees in Iraq, and does not concern the subject matter of this case, which solely involves detentions at Guantanamo.  See Petrs' Mem., Ex. A.  Furthermore, while the Petitioners' Exhibit C makes reference to "cover-up efforts," when a "cover-up" is discussed in a report to the Director of the FBI, see Petrs' Mot., Ex. A, it is

a fairly good sign that whoever may have sought to perpetrate the "cover-up" did not get very far in that effort. This document and the two news paper articles provide no basis whatsoever for suspecting an impending campaign to destroy documents relating to Guantanamo, especially with respect to the wide range of documents sought to be covered in petitioners' proposed preservation order.

Given that petitioners cannot prove a preservation order is necessary, petitioners' motion should be denied on that ground alone. However, even if petitioners could somehow demonstrate that a preservation order is necessary, they cannot satisfy the second prong of the Pueblo of Laguna test requiring that a party seeking the preservation order demonstrate that such an order is not unduly burdensome and that the "particular steps adopted will be effective, but not overbroad . . . ." Pueblo of Laguna 60 Fed. Cl. at 138. The requested preservation order suffers from significant overbreadth and may pose substantial burdens and responsibilities on respondents far exceeding what might otherwise be permissible in traditional discovery. Petitioners ask the Court to order respondents to preserve:

> all material, documents, and information in their possession, custody or control regarding or related to Petitioners . . . including:
>
> (i)     Petitioners' apprehension;
> (ii)    Petitioners' detention;
> (iii)   Petitioners' statements and statements of others related to Petitioners;
> (iv)    Interrogation of Petitioners'
> (v)     Petitioners' medical and psychological health and treatment received; and
> (vi)    Petitioners' proceedings before the Combatant Status Review Tribunal or Annual Review Board and preparation for such proceedings.

See Pets' Proposed Order. Such an order is overbroad and potentially burdensome to the extent it goes beyond what might otherwise be permissible with respect to any discovery that might ever

be appropriate in a habeas case.  See Harris v. Nelson, 394 U.S. 296, 300 (1969) (discovery available in habeas cases only in narrow circumstances and upon showing of good cause). Petitioners' proposal, improperly, and without good cause, would put respondents in the position of having to take action with respect to a wide range of documents without having the opportunity to utilize the process of objection and litigation available in the discovery context to fine tune or challenge discovery requested based on, for example, overbreadth, relevance, or burden.

Petitioners cite the order in El-Banna, et al. v. Bush, 04-CV-1144 (RWR) (Dkt. no. 36) as justification for a preservation order in the present case; however, some of the reasoning in that opinion is flawed.  In El-Banna, the Court noted that overbreadth, relevance and burden are not significant hurdles to a preservation order because respondents will have an opportunity to object or litigate future discovery requests.  See El-Banna, Dkt. no. 36, nt. 4.  What this fails to appreciate is that respondents are responsible now for preserving information that falls well beyond the bounds of what would be appropriate even if discovery were ever permitted in these habeas cases.  Respondents are being forced to take preservation actions on a much broader universe of documents, creating a substantial burden.  The burden and overbreadth of the preservation orders is exactly what the second prong of the  Pueblo of Laguna test is meant to prevent.

For the foregoing reasons, petitioners cannot satisfy either prong of even the Pueblo of Laguna test; a fortiori petitioners cannot demonstrate the four requirements for issuance of an injunction with respect to document preservation.  The motion for preservation order, therefore, should be denied.

## CONCLUSION

For the reasons stated, respondents respectfully request that petitioners' motion for preservation order be denied.

Dated:  January 11, 2006                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

                                            KENNETH L. WAINSTEIN
                                            United States Attorney
                                            DOUGLAS N. LETTER
                                            Terrorism Litigation Counsel

                                            ___/s/ James J. Schwartz_____
                                            JOSEPH H. HUNT (D.C. Bar No. 431134)
                                            VINCENT M. GARVEY (D.C. Bar No. 127191)
                                            TERRY M. HENRY
                                            JAMES J. SCHWARTZ (D.C. Bar No. 468625)
                                            PREEYA M. NORONHA
                                            ROBERT J. KATERBERG
                                            NICHOLAS J. PATTERSON
                                            ANDREW I. WARDEN
                                            EDWARD H. WHITE
                                            Attorneys
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Ave., N.W.  Room 7310
                                            Washington, DC  20530
                                            Tel:  (202) 514-4107
                                            Fax:  (202) 616-8470

                                            Attorneys for Respondents

10