IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED BIN JAIED BIN ALADI AL MOHAMMED AL SUBAIE, et al., )<br><br>Petitioners, )<br><br>v. )<br><br>GEORGE W. BUSH, President of the United States, et al., )<br><br>Respondents. ) | Civil Action No. 05-CV-2216 (RCL) |
| FAHD ABDULLAH AHMED GHAZY, et al., )<br><br>Petitioners, )<br><br>v. )<br><br>GEORGE W. BUSH, President of the United States, et al., )<br><br>Respondents. ) | Civil Action No. 05-CV-2223 (RJL) |

**RESPONDENTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS;
RESPONDENTS' MEMORANDUM IN OPPOSITION TO *AL SUBAIE* CROSS-MOTION
FOR FACTUAL RETURNS**

Respondents hereby submit this reply memorandum in support of their motion to stay

proceedings pending related appeals in the above-captioned cases and in opposition to the cross-

motion of petitioners in Al Subaie for factual returns.

**ARGUMENT**

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants.  Id. § 1005(e)(1), (h)(2).  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case, including with respect to petitioner's requests for relief, is appropriate pending the resolution of the effect of the Act.  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).  For these reasons, respondents oppose petitioners' request for relief.

Indeed, our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.[1] Accordingly, absent further direction from the Court, respondents should not be required to submit

---

[1] The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit with an initial brief by respondents due on January 18, 2006, an opposition by petitioners due on January 25, 2006, and respondents' reply due on February 1, 2006.

further substantive briefing regarding the requests for relief before the Court.  Nonetheless, in an

abundance of caution regarding this understanding, respondents reply to their stay motion and also

oppose petitioners' request for relief for the reasons discussed below.

**I.      The Court Has the Authority to Grant a Stay at This Stage of the Proceedings.**

With regard to the Court's authority to enter a stay, there is nothing in the habeas statute that

constrains the Court's broad authority to provide for an orderly schedule and otherwise manage habeas

proceedings to further an efficient expenditure of litigation resources.  Indeed, pursuant to the Rules

Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"),[2] a court may

extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C.

§ 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they

supersede the time limits set forth in 28 U.S.C. § 2243.  Rule 4 provides that the judge shall "order the

respondent to file an answer, motion or other response within a fixed time, or to take other action the

judge may order."  See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules

Governing Section 2254 Cases in the United States District Courts, which have the force of a

superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses.  Rule 4 leaves it

---

[2]  The 2254 Rules are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in the above-captioned cases.  See 2254 Rule 1(b) ("In applications for habeas corpus in cases not covered by subdivision (a) [involving persons in state custody], these rules may be applied at the discretion of the United States district court."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241."); Ukawabutu v. Morton, 997 F. Supp. 605, 608 n.2 (D.N.J. 1998) (The 2254 Rules "apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F. Supp. 348, 352 (S.D. W.Va. 1997) ("[T]he Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases . . ."); Hudson v. Helman, 948 F. Supp. 810, 811 (C.D. Ill. 1996) ("Thus, while the instant Petition is brought pursuant to 28 U.S.C. § 2241, not 28 U.S.C. § 2254, and involves a prisoner in federal custody, the Rules Governing Section 2254 Cases may still be applied here."); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) ("[A]lthough [petitioner's] petition is under section 2241, and not section 2254, the court may properly apply Rule 4 of the 2254 Rules.").  Petitioners have presented no authority to the contrary.

up to the district court to fix the deadline."); <u>Castillo v. Pratt</u>, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); <u>Kramer v. Jenkins</u>, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail").  Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules.  <u>See</u> Advisory Committee Notes to 2254 Rules; <u>see</u> <u>also</u> <u>Lonchar v. Thomas</u>, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases).  Thus, this Court has the authority to grant a stay of proceedings at this juncture.  <u>See</u> <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); <u>id.</u> at 256 (noting propriety of stay in cases "of extraordinary public moment").

## II.    A Stay of Proceedings Is Appropriate.

It cannot be disputed that the resolution of the effect of the Detainee Treatment Act of 2005, as well as appeals of the decisions of Judge Leon in <u>Khalid v. Bush</u>, Nos. 04-CV-1142 (RJL), 355 F. Supp.2d 311 (D.D.C. 2005), <u>appeals docketed</u>, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and Judge Green in <u>In re Guantanamo Detainee Cases</u>, 355 F. Supp.2d 443 (D.D.C. 2005), <u>petition for interlocutory appeal granted</u>, No. 05-8003 (D.C. Cir. Mar. 10, 2005),[3] will address the core jurisdictional and other issues in the Guantanamo detainee habeas cases and, thus, determine how these cases should proceed, if at all.  Thus, it would be a wasteful expenditure of resources to proceed with

---

[3] Oral Argument before the D.C. Circuit in these cases was held on September 8, 2005.

litigation regarding the alleged rights of detainees at Guantanamo Bay when the law governing any such rights is presently in dispute and will be resolved by the Court of Appeals on an expedited basis. Several Judges of this Court have already recognized the propriety of a stay pending the <u>Khalid</u> and <u>In re Guantanamo Detainee Cases</u> appeals and generally have stayed proceedings in Guantanamo detainee habeas cases pending before them.[4]  Consistent with this approach, proceedings in the above-captioned cases should also be stayed.

## III.     Factual Returns Should Not be Required.

Petitioners' dismissive treatment of the needless expenditure of judicial and litigation resources that would result from additional proceedings in the above-captioned cases, including the submission of factual returns, ignores the cascade effect that would follow from not staying the cases.  Presently, there are approximately 200 habeas cases pending on behalf of well over 300 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judge Leon in <u>Khalid</u> and Judge Green in <u>In re Guantanamo Detainee Cases</u>.  A decision to allow proceedings to go forward at this time could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment, would request the Court to allow additional proceedings in those cases, perhaps even by lifting or modifying stays that have

---

[4]  <u>See</u>, <u>e.g.</u>, Order (dkt. no. 16), <u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR) (D.D.C. July 8, 2005); Order (dkt. no. 2), <u>Mangut v. Bush</u>, No. 05-CV-1008 (JDB) (D.D.C. May 25, 2005); Order (dkt. no. 29), <u>El-Mashad v. Bush</u>, No. 05-CV-0270 (JR) (D.D.C. Apr. 7, 2005); Order (dkt. no. 18), <u>Al Mohammed v. Bush</u>, No. 05-CV-0247 (HHK) (D.D.C. Apr. 30, 2005); Order (dkt. no. 35) <u>Al-Adahi v. Bush</u>, No. 05-CV-0280 (GK) (D.D.C. Apr. 29, 2005); Order (dkt. no. 7), <u>Deghayes v. Bush</u>, No. 04-CV-2215 (RMC) (D.D.C. Feb. 22, 2005); Order  (dkt. no. 15), <u>Al-Wazan v. Bush</u>, No. 05-CV-0329 (PLF) (D.D.C. Mar. 23, 2005); Order (dkt. no. 12), <u>Ameziane v. Bush</u>, No. 05-CV-0392 (ESH) (D.D.C. Apr. 12, 2005); Order (dkt. no. 8), <u>Sliti v. Bush</u>, No. 05-CV-0429 (RJL) (D.D.C. Apr. 7, 2005); Order (dkt. no. 4), <u>Qayed v. Bush</u>, No. 05-CV-0454 (RMU) (D.D.C. Apr. 6, 2005); Order (dkt. no. 9), <u>Magram v. Bush</u>, No. 05-CV-0584 (CKK) (D.D.C. May 18, 2005); Order (dkt. no. 12), <u>Battayav v. Bush</u>, No. 05-CV-0714 (RBW) (D.D.C. May 19, 2005).

already been entered.  This scenario is exactly what Judge Green aimed to avoid when she denied

petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial

resources that would be expended and the significant burdens that would be incurred should this

litigation go forward."  <u>See</u> Order Den. Mot. for Recons. of Order Granting Stay Pending Appeal in <u>In

re Guantanamo Detainee Cases</u> (Feb. 7, 2005) (Green, J.).  Indeed, any proceedings in the above-

captioned cases that are permitted to go forward very likely would need to be revisited or relitigated,

and will likely be shown to have been altogether improper or unnecessary, once either the effect of the

Detainee Treatment Act is determined or the Court of Appeals otherwise provides guidance regarding

handling of the habeas claims of Guantanamo Bay detainees such as petitioners.  Thus, in the interest

of efficiency of judicial and litigation resources, as well as to minimize administrative burdens, this

Court should hold proceedings in the above-captioned cases in abeyance and deny petitioners' requests

for orders to show cause.  <u>See</u>, <u>e.g.</u>, <u>Hamoodah v. Bush</u>, No. 05-CV-0795 (RJL) (dkt. no. 13) (denying

petitioner's motion to show cause); <u>Pirzai v. Bush</u>, No. 05-CV-1242 (RCL) (dkt. no. 4) ("respondents'

obligation to show cause why the petition should not be granted is stayed.").

<u>**CONCLUSION**</u>

For the reasons stated in respondents' motion to stay proceedings pending related appeals, and

in this supporting reply memorandum, this Court should stay further proceedings in the above-

captioned cases pending resolution of the effect of the Detainee Treatment Act of 2005 or this Court's

jurisdiction over these cases and/or resolution of the appeals of Judge Leon's decision in <u>Khalid</u> and

Judge Green's decision in <u>In re Guantanamo Detainee Cases</u>.  The Court should deny petitioners'

request for immediate issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2243 or,

alternatively, to issue an order to show cause.

Dated: January 17, 2005                Respectfully submitted,

                                       PETER D. KEISLER
                                       Assistant Attorney General

                                       KENNETH L. WAINSTEIN
                                       United States Attorney

                                       DOUGLAS N. LETTER
                                       Terrorism Litigation Counsel

                                         /s/ Nicholas J. Patterson
                                       JOSEPH H. HUNT (D.C. Bar No. 431134)
                                       VINCENT M. GARVEY (D.C. Bar No. 127191)
                                       TERRY M. HENRY
                                       JAMES J. SCHWARTZ
                                       PREEYA M. NORONHA
                                       ROBERT J. KATERBERG
                                       NICHOLAS J. PATTERSON
                                       ANDREW I. WARDEN
                                       EDWARD H. WHITE
                                       MARC A. PEREZ
                                       Attorneys
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       20 Massachusetts Ave., N.W.  Room 7220
                                       Washington, DC  20530
                                       Tel:  (202) 514-4523
                                       Fax:  (202) 616-8470

                                       Attorneys for Respondents

7