IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED BIN JAIED BIN ALADI AL MOHAMMED AL SUBAIE, *et al.*,<br><br>    Petitioners,<br><br>    v.<br><br>GEORGE W. BUSH,<br>    President of the United States,<br>    *et al.*,<br><br>    Respondents. | Civil Action No. 05-CV-2216 (RCL) |

**RESPONDENTS' RESPONSE TO
PETITIONERS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Respondents' respectfully submit this response to petitioners' notice of supplemental authority submitted in connection with their application for entry of the Protective Order in this case.

On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba. Section 1005(e)(1) of the Act amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the Department of Defense at Guantanamo, or (2) any other action relating to any aspect of the detention of such aliens. In addition, the Act creates an exclusive review mechanism in the D.C. Circuit to address the validity of the detention of such aliens held as enemy combatants;

section 1005(e)(2) of the Act states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.  Section 1005(e)(1), which eliminates the jurisdiction of the courts to consider habeas and other actions brought by Guantanamo detainees, was made immediately effective without reservation for pending cases, and section 1005(e)(2), which establishes the exclusive review mechanism in the D.C. Circuit, was made expressly applicable to pending cases.  Id. § 1005(h).  In light of the statutory withdrawal of this Court's jurisdiction, and the creation of an exclusive review mechanism in the D.C. Circuit, the Court has no jurisdictional basis to order the relief requested by petitioners.

The effect of the Act was addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit,[1] and our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding any pending motions.  In light of this and given the new, statutory withdrawal of the Court's jurisdiction, at a minimum a stay of all proceedings in this case, including with respect to petitioners' request for relief, is appropriate pending the resolution of the effect of the Act.[2]  Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the

---

[1]  Oral argument before the D.C. Circuit was held on March 22, 2006.

[2]  In this vein, four other Judges of the Court have recently entered orders in Guantanamo detainee habeas cases pending before them denying without prejudice or holding in abeyance all pending motions and staying "all action" in the cases pending resolution of the effect of the Act. See January 11, 2006 Order in Gherebi v. Bush, No. 04-CV-1164 (RBW), et al.; January 27, 2006 Order in Begg v. Bush, No. 04-CV-1137 (RMC), et al.; March 16, 2006 Order in Anam v. Bush, No. 04-CV-1194 (HHK), et al.; March 31, 2006 Order in Ahmed Doe v. Bush, No. 05-CV-1458 (ESH), et al.

validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to order relief in the interim, such as entry of the Protective Order, that might infringe upon the Court of Appeals' exclusive jurisdiction.  See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).[3]

In support of their position, petitioners rely on Magistrate Judge Kay's March 21, 2006 Memorandum Opinion and Order in Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. nos. 36, 37) (reconsideration denied by Judge Roberts's April 28, 2006 Memorandum Opinion and Order (dkt. no. 42)).  See Pets' Notice at 4-5.  Not only is the Adem opinion not binding on this Court, but the interpretation and application of the Protective Order set forth in it raises significant jurisdictional issues – issues relating to the effect of the Detainee Treatment Act of 2005 as well as grave jurisdictional issues independent of the Act.  Respondents addressed these serious questions in Respondents' Motion for Stay and Reconsideration of Magistrate Judge's Order and

---

[3] Respondents previously intended to file a motion to dismiss this case based upon the Act's withdrawal of the Court's jurisdiction, see Notice of Supplemental Authority (dkt. no. 16), but refrained from doing so when they were informed that the sense of the Court was to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo habeas cases.  During this interim period, respondents have permitted counsel visits and other privileged access to properly represented detainees in cases where the Protective Order had already been entered, and its requirements satisfied, pending a decision from the D.C. Circuit.  Once the Act's withdrawal of the Court's jurisdiction became effective, however, respondents have consistently opposed entry of the Protective Order in cases where it had not already been entered.  In any event, respondents' actions in other Guantanamo habeas cases cannot be construed as a waiver or concession of jurisdiction that permits entry of the Protective Order in this case.  See Floyd v. District of Columbia, 129 F.3d 152, 155 (D.C. Cir. 1997) (noting that "jurisdiction cannot be waived").

Opinion Docketed on March 21, 2006, which is attached and is incorporated herein. See Adem v. Bush, No. 05-CV-0723 (RWR) (dkt. no. 38) at 16-18 (attached as Exhibit A). Respondents are presently considering their options regarding appeal or mandamus of the Court's decision in Adem. Given the serious jurisdictional questions raised in that decision, which remain unresolved, the Court should not rely upon that decision to apply or enter the Protective Order in this case.[4]

\* \* \*

For the reasons stated, petitioners' request for entry of the Protective Order in this case should be denied.

Dated: May 8, 2006                    Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      DOUGLAS N. LETTER
                                      Terrorism Litigation Counsel

                                        /s/ Preeya M. Noronha
                                      JOSEPH H. HUNT (D.C. Bar No. 431134)
                                      VINCENT M. GARVEY (D.C. Bar No. 127191)
                                      TERRY M. HENRY
                                      JAMES J. SCHWARTZ
                                      PREEYA M. NORONHA
                                      ROBERT J. KATERBERG
                                      NICHOLAS J. PATTERSON
                                      ANDREW I. WARDEN
                                      EDWARD H. WHITE
                                      MARC A. PEREZ
                                      Attorneys

---

[4] Similarly, to the extent that Judge Friedman's April 13, 2006 Order in Al Salami v. Bush, No. 05-CV-2452 (PLF) (dkt. no. 12), relies on the Court's reasoning in Adem, it should not be persuasive to this Court. See Pets' Notice at 4 (citing April 13, 2006 Order in Al Salami v. Bush).

United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents