IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMED BIN JAIED BIN ALADI AL MOHAMMED AL SUBAIE, Detainee, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba; **JAIED BIN HADI AL MOHAMMED AL SUBAIE,** *as next friend of* Mohammed Bin Jaied Bin Aladi Al Mohammed Al Subaie; **BIJAD DEFALLA OTEIBI,** Detainee, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba; **SULTAN DEFALLA OTEIBI** *as next friend of* Bijad Defalla Oteibi; **ALGHAMDI ABDULRAHMAN OTHMAN A,** Detainee, Guantánamo Bay Naval Station, Guantánamo Bay, Cuba; **ALGHAMDI AHMED OTHMAN A,** *as next friend of* Alghamdi Abdulrahman Othman A, <br><br> *Petitioners/Plaintiffs,* <br><br> v. <br><br> **GEORGE W. BUSH,** as President of the United States, The White House, 1600 Pennsylvania Ave., N.W., Washington, D.C. 20500; **DONALD RUMSFELD,** as Secretary, United States, Department of Defense, 1000 Defense Pentagon, Washington, D.C. 20301-1000; **ARMY BRIG. GEN. JAY HOOD,** as Commander, Joint Task Force – GTMO, JTF-GTMO, APO AE 09360; and **ARMY COL. MIKE BUMGARNER,** as Commander, Joint Detention Operations Group - JTF-GTMO, JTF-GTMO, APO AE 09360, <br><br> *Respondents/Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-2216 ) (RCL) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**RESPONSE TO RESPONDENTS' MOTION FOR PROCEDURES
RELATED TO REVIEW OF CERTAIN DETAINEE MATERIALS**

Petitioners, by their undersigned attorneys, submit this pleading responding to

Respondents' July 7, 2006, Motion for Procedures Related to Review of Certain Detainee

Materials.

1

## BACKGROUND

Petitioners filed their Petition for *Habeas Corpus* on November 14, 2005.

On December 22, 2005, Respondents filed a Motion to Stay Proceedings pending the Court of Appeals for the District of Columbia's determination of the conflicting decisions in *In re Guantanamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005) and *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005). In their Motion to Stay Proceedings, Respondents emphasized that the application would not preclude counsel for Petitioners from having access to their clients:

> In seeking a stay, however, respondents do not intend thereby to block counsel access to properly represented petitioners. To that end, respondents do not object to entry of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access. See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., (D.D.C. Nov. 8, 2004) (attached as Exhibit A); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., (D.D.C. Dec. 13, 2004) (attached as Exhibit B); Order Addressing Designation Procedures for "Protected Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., (D.D.C. Nov. 10, 2004) (Attached as Exhibit C).

(Resp. Motion to Stay at 4 (footnote omitted).) Thus, Respondents included with their Motion a Proposed Order which provided for entry of the standard protective order that has been adopted in the Guantanamo *habeas* cases (hereinafter "the Protective Order").

In response to Respondents' Motion to Stay, Petitioners did not object to the entry of a stay, but argued that any stay should not relieve Respondents of their obligation to produce factual returns. Petitioners agreed with Respondents that the Protective Order should be entered. (1/6/06 Mem. in Opp. at 11.)

On December 30, 2005, the President signed into law the Detainee Treatment Act of 2005 ("DTA"). After initially expressing an intention to file a DTA-based motion to dismiss (1/11/06 Resp. Opp. to Mot. for Preservation Order at 1-2), Respondents later argued that there

2

should be a stay of all proceedings in this case pending the appellate courts' determination of the effect of the DTA. (1/17/06 Resp. Reply Mem. in Support of Mot. to Stay at 2.)

On April 24, 2006, Petitioners filed a Notice of Supplemental Authority. In that Notice, Petitioners advised the Court that the Protective Order had been entered in a number of other Guantanamo *habeas* cases subsequent to the passage of the DTA. Petitioners reiterated their request for entry of the Protective Order.

On June 29, 2006, the United States Supreme Court issued its decision in *Hamdan v. Rumsfeld,* 548 U.S. ___, 126 S. Ct. 2749 (2006). In its decision, the Court concluded that the DTA did not strip the courts of jurisdiction over petitions for *habeas corpus* pending at the time the DTA was enacted. 126 S. Ct. at 2769 n. 15.

After *Hamdan* was decided, undersigned counsel contacted counsel for Respondents to ask whether, in light of the Supreme Court's ruling, Respondents would now consent to the entry of the Protective Order in this matter. Counsel for Respondents advised that Respondents would not consent.

On July 7, 2006, respondents filed a Notice, asserting that notwithstanding the ruling of the Supreme Court in *Hamdan*, this Court lacks jurisdiction over this Petition.

Nevertheless, on the same date, Respondents filed in this Court their Motion for Procedures Relating to Review of Certain Detainee Materials, requesting that this Court establish procedures authorizing the review of impounded materials that "may have been created by detainees to provide to their counsel or that may have been provided to detainees by their counsel, and therefore may potentially be subject to privilege." (Resp. 1/7/06 Mot. for Procedures at 1.)

Since the Protective Order has not been entered in this matter, however, counsel for Petitioners have to date been unable to meet or speak with their clients, and, more particularly, counsel for Petitioner Oteibi have been deprived of any ability to discuss the subject motion with him.[1]

**ARGUMENT**

Respondents' Motion for Procedures clearly illustrates the untenability of Respondents' position *vis-à-vis* entry of the Protective Order.[2] While noticing counsel for Petitioners on the Motion for Procedures, Respondents at the same time deprive counsel of any ability to respond on behalf of their clients by refusing access critical to their representation. This constitutes a fundamental denial of Petitioner's recognized right to counsel.

Over two years ago, the United States Supreme Court affirmed the right of Guantánamo detainees to pursue in this Court petitions for *habeas corpus* challenging the legality of their detention and their treatment by Respondents. *Rasul v. Bush*, 542 U.S. 466 (2004). *See also Al Odah v. United States,* 346 F. Supp. 2d 1, 5-7 (D.D.C. 2004) (detainees "are entitled to be represented by counsel" in their habeas proceedings). It is beyond argument that the exercise of that right is meaningless if a petitioner is denied the ability to communicate with his attorneys. *See Chandler v. Fretag*, 348 U.S. 3, 10 (1954) ("a defendant must be given a reasonable opportunity to employ and consult with counsel; otherwise, the right to be heard by counsel would be of little worth"). *See also Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (the

---

[1] On or about May 18, 2006, Petitioners Mohammed Bin Jaied Bin Aladi Al Mohammed Al Subaie and Alghamdi Ahmed Othman A were transferred to the custody of authorities in Saudi Arabia.

[2] Of course, too, invocation of this Court's jurisdiction to entertain this motion is patently inconsistent with Respondent's denial of this Court's jurisdiction to enter the Protective Order. *See New Hampshire v. Maine,* 532 U.S. 742, 749, 750 (2001) (government cannot take contrary positions to the same extent as any other litigant).

4

attorney-client privilege "recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends on the lawyer being fully informed by the client.").

Counsel simply cannot speak to Respondents' Motion for Procedures without access and without consultation. As the American Bar Association's Model Rules of Professional Conduct state:

> A lawyer shall abide by a client's decisions concerning the objectives of representation and...shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation.

MODEL RULES OF PROF'L CONDUCT R.1.2 (2004). *See also* MODEL RULES OF PROF'L CONDUCT R.1.4 (2004):

> A lawyer shall promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules; reasonably consult with the client about the means by which the client's objectives are to be accomplished; (and) keep the client reasonably informed about the status of the matter...

Just as Respondents' counsel would not be expected to take a position on a motion as important as this without consultation with his clients, Petitioners' counsel cannot be, and should not be, expected to respond without the same ability. Uninformed representation is not an adequate substitute. This is especially so where, as here, the attorney-client relationship between counsel and detainees, who are foreign to this country and its laws and who have been denied access to counsel for months[3], is fragile at best.

---

[3] Statements made for the purpose of seeking legal advice or assistance are protected by the attorney-client privilege. *Perkins v. Gregg County, Texas*, 891 F. Supp. 361, 364 (E.D. Tex. 1995). *Cf. Watson v. Cain*, 846 F. Supp. 621 (N.D. Ill. 1993) (The fact that a prisoner might not have actually retained any of the attorneys with whom he attempted to communicate does not mean that officials are free to open confidential communications between a prisoner and his potential legal representatives.).

5

By taking inconsistent positions with respect to the jurisdiction of this Court to enter the Protective Order and to entertain their Motion for Procedures, Respondents have created a totally untenable situation – one that cannot be reconciled with Petitioners' right to counsel. Respondents should not be permitted to proceed with their Motion for Procedures while at the same time depriving counsel for Petitioners of their ability to meaningfully respond.

Respondents agreed last year to entry of the Protective Order in Petitioners' cases. While they have since taken the position that the DTA deprives this Court of jurisdiction to enter the Protective Order, that position simply cannot be reconciled with their filing of this motion. Respondents should not be permitted any longer to shift their position to suit the circumstances. Respondents' Motion for Procedures should not be heard until a reasonable time after the Protective Order has been entered.[4]

---

[4] We do not disagree with the substantive positions taken by counsel for any other Petitioners on this motion but, as noted, simply cannot address the motion substantively without entry of the Protective Order.

## CONCLUSION

Based upon the foregoing, Petitioners respectfully request that the Court deny, as premature, Respondents' Motion for Procedures Related to Review of Certain Detainee Materials or, alternatively, stay disposition of such motion, as it pertains to Petitioners, until a reasonable time after the Protective Order is entered in Petitioners' cases.

Dated: New York, New York
       July 21, 2006

                                  Respectfully submitted,

                                  Counsel for Petitioners:

/s/ Donald A. Klein
Charles H.R. Peters
Beth D. Jacob
Antony S. Burt
Michael W. Drumke
Donald A. Klein
Brian J. Neff

SCHIFF HARDIN LLP
623 Fifth Avenue
New York, New York 10022
Tel: (212) 753-5000
Fax: (212) 753-5044
    *and*
6600 Sears Tower
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600


*Of Counsel*
Barbara J. Olshansky (NY0057)
Director Counsel
Gitanjali S. Gutierrez (GG1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

7

NY\ 5081931.2

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served by Certified Mail, Return Receipt Requested, to the following persons:

**Robert J. Katerberg**
ATTORNEY
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C. 20530

On this the 21st day of July 2006.

_____
Louis P. Bonilla

CH2\ 1336414.1