IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE:<br><br>PETITIONERS SEEKING HABEAS CORPUS RELIEF IN RELATION TO PRIOR DETENTION AT GUANTANAMO BAY | Misc. No. 08-0444 (TFH)<br><br>Civil Action No. 05-2216 (RCL) |

STATUS REPORT

In accordance with the July 3, 2008, Order of the Court, Petitioners from the matter *Al Subaie v. Bush*, 05-CIV-2216, Mohammed Bin Jaied Bin Aladi Al Mohammed Al Subaie, Bijad Defalla Oteibi, and Alghamdi Adbulrahman Othman A (hereinafter referred to collectively as "Petitioners") submit the following status report.

   1.   Petitioners are citizens of the Kingdom of Saudi Arabia. Petitioners were taken into custody by Respondents and subsequently imprisoned at Guantanamo Bay Naval Station, Cuba.

   2.   In November 2005, undersigned counsel filed on behalf of Petitioners a Petition for *Habeas Corpus*.

   3.   Petitioners Al Subaie and Othman A were transferred to the custody of Saudi authorities in May 2006.

   4.   By Order filed September 28, 2006, the Honorable Royce C. Lamberth entered the standard Guantanamo *habeas* protective order and stayed further proceedings in the case pending resolution of the appeals in *Boumediene v. Bush* and other matters.

5.  Petitioner Oteibi was transferred to the custody of Saudi authorities in July 2007.

6.  Petitioners are not currently in custody in Saudi Arabia. However, it appears that their prior detention at Guantanamo Bay and, in particular, Respondents' classification of them as "enemy combatants," imposes continuing restrictions upon their freedom, including their ability to travel. Furthermore, it is possible that continuing restrictions and requirements imposed by Saudi authorities are the result of demands or requests from Respondents.

7.  Petitioners understand that in other cases Respondents have taken the position that a transfer of a petitioner from Guantanamo should result in the dismissal of a Petition for *Habeas Corpus*.

8.  Petitioners believe that the cases of the prisoners who remain detained at Guantanamo should take precedence over any motion practice in this matter with regard to Respondents' arguments for dismissal.

9.  Furthermore, any dismissal arguments by Respondents are likely to raise a number of highly fact-specific issues that are not amendable to treatment in a consolidated fashion.

10. In light of the foregoing circumstances, Petitioners propose that this matter be held in abeyance for ninety (90) days, and that the parties be directed to file at the conclusion of that period a status report and proposal for further proceedings.

Dated: July 14, 2008

By: _____/s/_____
  Brian J. Neff
SCHIFF HARDIN LLP
900 Third Avenue
New York, NY 10022
Telephone: (212) 753-5000
Facsimile: (212) 753-5044

Attorneys for Petitioners

CH2\2609421.1